IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PAUL N. ROYAL, as Administrator
Ad Litem for the Estate of Ricky Javentia
Ball, Deceased, and on behalf of All
Wrongful Death Beneficiaries                                                                PLAINTIFF

v.                                                                  CIVIL ACTION NO. 1:16-cv-00176-GHD-RP

CANYON BOYKIN, JOHNNY BRANCH,
YOLANDA YOUNG, GARRETT MITTAN, TONY
CARLETON, and JOHN DOES I–X, All
Individually and in Their Official Capacities
as Officers of the Columbus Police Department; and
CITY OF COLUMBUS, MISSISSIPPI                                                               DEFENDANTS

## ORDER DENYING PLAINTIFF'S MOTION TO DELAY CONSIDERATION OF MOTION FOR SUMMARY JUDGMENT [36] AND GRANTING INDIVIDUAL DEFENDANTS' MOTION TO REQUIRE SPECIFIC REPLY AND CONTINUE STAY OF DISCOVERY PENDING RULING ON QUALIFIED IMMUNITY [43]

Presently before the Court are the following: a motion for summary judgment based on qualified immunity [32] filed by Defendants Johnny Branch, Garrett Mittan, and Yolanda Young (the "Individual Defendants"); a Federal Rule of Civil Procedure 56(d) motion to delay consideration of the motion for summary judgment until appropriate discovery has been completed [36] filed by Plaintiff Paul N. Royal ("Plaintiff"); and a motion to require specific reply to the Individual Defendants' immunity defense and continue stay of discovery [43] filed by the Individual Defendants and joined in by Defendants City of Columbus, Mississippi and Tony Carleton [46], as well as Defendant Canyon Boykin [48].

In his Rule 56(d) motion [36], Plaintiff requests that the Court lift the stay on merits discovery so that he may obtain discovery on several merits-related issues before responding to the

1

motion for summary judgment. The Individual Defendants, joined by Defendants City of Columbus, Tony Carleton, and Canyon Boykin, argue in opposition in their response and motion to require specific reply to the immunity defense and continue stay of discovery [43] that the issues raised in their motion for summary judgment pertain only to qualified immunity and do not require further discovery.

Pursuant to the Local Uniform Civil Rules,

> [f]iling . . . a motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and **all discovery**, pending the court's ruling on the motion, including any appeal. Whether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief.

L. Unif. Civ. R. 16(b)(3)(B) (emphasis added). In consideration of all of the foregoing, as well as the parties' arguments, the Court finds that the qualified immunity defense raised in the Individual Defendants' answer and motion for summary judgment must be addressed prior to the commencement of merits-related discovery. Because Plaintiff has not requested qualified immunity-related discovery, the Court finds that all discovery shall continue to be stayed pending the Court's resolution of the qualified immunity issue. The Court therefore **DENIES** Plaintiff's Rule 56(d) motion to delay consideration of the motion for summary judgment until appropriate discovery has been completed [36].

The Court **GRANTS** the Individual Defendants' motion to require specific reply to the Individual Defendants' immunity defense and continue stay of discovery [43]. Accordingly, Plaintiff should file any response **to the qualified immunity issues present in the pending motion for summary judgment [32]** on or before the January 30, 2017 deadline established for

the same in the Court's December 16, 2016 Order [40] granting Plaintiff's motion for extension of time [38].

The Court will consider **only** the qualified immunity issue in ruling on the motion for summary judgment. If that issue is resolved in Plaintiff's favor, Plaintiff can then submit an additional motion requesting discovery on the merits issues prior to the Court's resolution of the same.

SO ORDERED, this, the 4th day of January, 2017.

_____
SENIOR U.S. DISTRICT JUDGE