IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PAUL N. ROYAL, as Administrator
*Ad Litem* for the Estate of Ricky Javentia
Ball, Deceased, and on Behalf of All
Wrongful Death Beneficiaries                                                     PLAINTIFF

v.                                                              CIVIL ACTION NO. 1:16-cv-00176-GHD-RP

CANYON BOYKIN, JOHNNY BRANCH,
YOLANDA YOUNG, and GARRETT MITTAN,
Individually and in Their Official Capacities as
Officers of the Columbus Police Department;
TONY CARLETON, Individually and in His
Official Capacity as the Chief of Police of the
Columbus Police Department; and
CITY OF COLUMBUS, MISSISSIPPI                                                    DEFENDANTS

**MEMORANDUM OPINION DENYING DEFENDANTS' MOTION TO DISMISS**

Presently before the Court is Defendant Canyon Boykin's motion to dismiss [97] which the other Defendants have joined [109, 111]. Upon due consideration, the Court finds the motion to dismiss [97] is not well taken and must be denied.

### I. *Factual and Procedural Background*

On September 29, 2016, Plaintiff Paul N. Royal ("Plaintiff"), as administrator *ad litem* for the Estate of Ricky Javentia Ball, deceased ("Decedent"), and on behalf of the wrongful death beneficiaries of Decedent, filed this action against Defendant City of Columbus, Mississippi, as well as the following Defendants in their individual and official capacities as officers of the Columbus Police Department: Canyon Boykin, Johnny Branch, Yolanda Young, and Garrett Mittan; and Tony Carleton in his individual and official capacity as Chief of Police of the Columbus Police Department (collectively, "Defendants"). Subsequently, Defendants filed their answers and affirmative defenses.

1

It is undisputed that Decedent was shot and killed by police in Columbus, Lowndes County, Mississippi. Plaintiff, as administrator *ad litem* of Decedent's estate, contends that Decedent's estate is entitled to damages under 42 U.S.C. § 1983, as well as wrongful death under Mississippi law. Defendants argue that the fatal shooting of Decedent was in self-defense.[1]

On January 13, 2017, Plaintiff filed a motion to amend his complaint which was subsequently granted by the Magistrate Judge in an Order [81] dated February 2, 2017. Plaintiff filed his amended complaint [82] on that same day, and Defendants filed answers to the amended complaint. On February 16, 2017, Defendant Boykin filed the present motion to dismiss [97]; the other Defendants joined in the motion [109, 111]. Plaintiff filed a response, and Defendants filed a reply.

The sole issue before the Court on Defendants' present motion to dismiss is whether Plaintiff can properly bring the case *sub judice*. The Court addresses the issue as follows.

## *II. Parties' Arguments*

Defendants argue that Decedent was a Mississippi resident who died intestate in Lowndes County, Mississippi, and that this case, which includes wrongful death claims, is governed by Mississippi's wrongful death statute. Defendants maintain that Plaintiff lacks standing to bring this action, because no proper estate was opened and no letters of administration were issued in the Chancery Court of Lowndes County, Mississippi, which Defendants contend were prerequisites to bringing this case under Mississippi's wrongful death statute. Defendants further argue that Plaintiff lacks standing because he is not a wrongful death beneficiary. Defendants also argue that no survival action can be filed without an estate being opened. Defendants

---

[1] In addition to the case *sub judice*, Ricky Martin, an individual claiming to be Decedent's natural father and wrongful death beneficiary, has also filed a 42 U.S.C. § 1983 and wrongful death case against the same Defendants as in this case. *See Ricky Martin, Natural Father and Wrongful Death Beneficiary v. Canyon Boykin et al.*, Civil Action No. 1:16-cv-00187-GHD-DAS.

2

maintain that Tennessee's administrator *ad litem* statute does not confer authority on Plaintiff to bring this case in federal court and that that statute applies only where no estate has been opened. Defendants request that the Court dismiss Plaintiff's claims in this case.

Plaintiff argues that he has standing to bring this action for the following reasons. First, Plaintiff argues he has standing as a "personal representative" under Mississippi's wrongful death statute, Mississippi Code § 11-7-13, because he has met the only requirement of the statute that he be formally appointed at the time the wrongful death action commenced. Plaintiff maintains that the time of the appointment, not the place of the appointment, is the dispositive issue, and urges the Court to interpret Mississippi Code § 11-7-13 broadly. Second, Plaintiff argues that he has standing because Tennessee Code § 301-1-109 does not limit his appointment to Tennessee chancery courts and circuit courts, but allows him as administrator *ad litem* to pursue cases on behalf of the estate in other courts, as well. Third, Plaintiff argues that he is not suing as a wrongful death beneficiary, but as a nominal plaintiff on behalf of the estate, and that this distinction does not matter. Fourth, Plaintiff argues that regardless of whether he has standing to bring the wrongful death claims in this case, the federal claims and beneficiaries' claims survive with or without his claims for the estate, because Rule 17 of the Federal Rules of Civil Procedure allows administrators and similar fiduciaries to initiate and prosecute claims on behalf of their wards.

### *III.    Analysis and Discussion*

The sole issue before the Court at this juncture is whether Plaintiff has standing to bring this case, which asserts Section 1983 and state law claims. The type of standing at issue in this case is not Article III standing, but statutory standing. "[S]tatutory standing is not indicative of Article III jurisdictional standing." *Camsoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*, 756 F.3d

327, 332 (5th Cir. 2014). "If a plaintiff does not have statutory standing, he lacks a cause of action, and the action should be dismissed under Federal Rule of Procedure 12(b)(6)." *Walker v. New Orleans City, La.*, No. 16-31229, 2017 WL 3467879, at *1 (5th Cir. Aug. 11, 2017) (per curiam) (citing *Malvino v. Delluniversita*, 840 F.3d 223, 229–30 (5th Cir. 2016); *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011) ("Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of . . . statutory standing is properly granted under Rule 12(b)(6).")).[2] "[W]hether or not a particular cause of action authorizes an injured plaintiff to sue is a merits question . . . not a jurisdictional question." *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008).

Therefore, although Defendants in the case *sub judice* urge their motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure as a challenge to the Court's subject-matter jurisdiction, the issue of statutory standing instead presents a challenge to the merits of the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court will thus consider the motion as one filed under Rule 12(b)(6).

"Standing to bring a [Section] 1983 claim 'is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in [Section 1983's] administration.'" *Walker*, 2017 WL 3467879, at *1 (quoting *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004)). "Thus, in order to have statutory standing to bring a [Section] 1983 claim on behalf of another, a plaintiff 'must have standing under the state wrongful death or survival statutes.'" *Id.* (quoting

---

[2] For the exercise of federal jurisdiction to be proper, the party seeking to invoke federal jurisdiction must have constitutional standing under Article III of the United States Constitution. *Bond v. United States*, 564 U.S. 211, 217, 131 S. Ct. 2355, 180 L. Ed. 2d 269 (2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). The party seeking to invoke federal jurisdiction has the burden of establishing standing. *Osterweil v. Edmonson*, 424 F. App'x 342, 343 (5th Cir. 2011) (per curiam) (citing *United States v. Hays*, 515 U.S. 737, 743, 115 S. Ct. 2431, 132 L. Ed. 2d 635 (1995)).

4

*Pluet*, 355 F.3d at 383); *accord Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 208–09 (5th Cir.), *cert. denied*, 137 S. Ct. 304, 196 L. Ed. 2d 223 (2016), *reh'g denied*, 137 S. Ct. 545, 196 L. Ed. 2d 440 (2016) ("[Section 1988 incorporates wrongful death statutes."). "A party must have standing at the time the complaint is filed." *Pluet*, 355 F.3d at 386.

The specific question for the Court on the present motion to dismiss thus is whether Plaintiff has statutory standing to bring this case under Mississippi's wrongful death statute or survival statute. If Plaintiff has statutory standing, he can assert both the Section 1983 claims and state law claims against Defendants. If he does not have statutory standing, he cannot bring any of the claims in this case, and all claims must be dismissed.

Mississippi's wrongful death statute is Mississippi Code ¶ 11-7-13. *Pioneer Cmty. Hosp. of Newton v. Roberts*, 214 So. 3d 259, 259–60 (Miss. 2017). The statute provides in pertinent part:

> The action for such damages may be brought in the name of the personal representative of the deceased person or unborn quick child for the benefit of all persons entitled under the law to recover, or by widow for the death of her husband, or by the husband for the death of the wife, or by the parent for the death of a child or unborn quick child, or in the name of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or a brother for the death of a brother, or all parties interested may join in the suit, and there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits. . . . The list of persons in this section who may bring a wrongful death action is exclusive and only those persons shall be considered interested parties who are entitled to bring an action under this section.

MISS. CODE ANN. § 11-7-13.

Mississippi's survival statute is Mississippi Code § 91-7-233. *Kinsey v. Pangborn Corp.*, 78 So. 3d 301, 305 n.12 (Miss. 2011). That statute provides in pertinent part:

> Executors, administrators, and temporary administrators may commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted.

MISS. CODE ANN. § 91-7-233. The survival statute "allows only the personal representative to bring a suit that the decedent could have brought." *Burley v. Douglas*, 26 So. 3d 1013, 1019 (Miss. 2009). "The first potential wrongful death claimant is 'the personal representative of the deceased person.' " *Clark Sand Co. v. Kelly*, 60 So. 3d 149, 154 (Miss. 2011) (quoting MISS. CODE ANN. § 11–7–13 (Rev. 2004)). " 'Personal representative' is defined as '[a] person who manages the legal affairs of another because of incapacity or death' and when it is used by a testator, the term refers to an executor or administrator of the estate." *Id.* (quoting BLACK'S LAW DICTIONARY 1045 (abr. 7th ed. 2000)). "To have standing as a personal representative to bring a wrongful death action, the plaintiff must be formally appointed as such prior to filing the complaint for wrongful death." *Id.* at 155 (citing *Long v. McKinney*, 897 So. 2d 160, 174 (Miss. 2004)). "[T]he personal representative's authority comes from the appointment as executrix, not from the issuance of letters testamentary or letters of administration." *Stone Inv. Co. v. Estate of Robinson*, 82 So. 3d 631, 641 (Miss. Ct. App. 2011) (citing *Clark Sand Co.*, 60 So. 3d at 155–56).

The record in this case demonstrates that Decedent's sole heir at law is his minor daughter, MSH, and that Plaintiff was appointed administrator *ad litem* to represent MSH's interests in this action. *See* Shelby Cty., Tenn. Probate Ct.'s Order Appointing Administrator *ad Litem* [97-9] ¶ 3; Shelby Cty., Tenn. Probate Ct.'s Order Determining and Declaring Heir [116-2] at 1 ¶ 1, 2 ¶ 2; Lowndes Cty., Miss. Chancery Ct.'s Order Determining Heirs at Law [116-4]

at 1 ¶ 2; Ct.'s Order [120] Denying as Moot Defs.' Mot. Require Pl. to Initiate Process of Determining Heirs [77] at 1–2. It is further beyond dispute that Plaintiff's only possible avenue of standing in this case is through his appointment as administrator *ad litem*; he is not otherwise entitled to file this suit pursuant to Mississippi's wrongful death or survival statute.

Following Decedent's death, his mother filed a petition for the appointment of an administrator *ad litem* [97-8] in the Probate Court of Shelby County, Tennessee, requesting that Plaintiff be appointed administrator *ad litem* of Decedent's estate for the sole purpose of pursuing a personal injury and wrongful death action against Defendants on behalf of his sole heir at law, MSH. Pet. Appt. Administrator *ad Litem* [97-8] ¶¶ 3, 5. Under Tennessee law, only "[t]he chancery court of the county in which any person resided at the time of the decedent's death, or in which the decedent's estate, goods, and chattels or effects were at the time of the decedent's death, may appoint an administrator . . . ." TENN. CODE ANN. § 30–1–301. "An administrator *ad litem* has all the powers and responsibilities of other executors and administrators with respect to the management, settlement, and distribution of the estate . . . ." *In re Estate of Hamilton*, No. 01-A-01-9306-PB00266, 1995 WL 66619, at *2 (Tenn. Ct. App. Feb. 15, 1995) (citing TENN. CODE ANN. § 30-2-606)). Tennessee law provides that an administrator *ad litem* shall be appointed "[i]n all proceedings in the probate or chancery courts, or any other court have chancery jurisdiction, where the estate of a deceased person may be represented, and there is no executor or administrator of the estate." TENN. CODE ANN. § 30-1-109(a). Under Tennessee law, "[t]he purpose of the administration is not determinative so long as it meets the statutory requirement that 'the estate of [the] deceased person must be represented.' " *Estate of Russell v. Snow*, 829 S.W.2d 136, 138 (Tenn. 1992) (quoting TENN. CODE ANN. § 30–1–109(a)).

On August 24, 2016, the Probate Court of Shelby County, Tennessee entered an Order granting the petition to appoint administrator *ad litem* and finding that Decedent was a resident of Shelby County, Tennessee at the time of his death, even though he died in Lowndes County, Mississippi. *See* Shelby Cty., Tenn. Probate Ct.'s Order Appointing Administrator *ad Litem* [97-9] at 2 ¶ 1.[3] The Probate Court of Shelby County, Tennessee further found that Decedent died intestate, *id.* ¶ 4, and that Decedent left no assets requiring administration, *id.* ¶ 5. The Probate Court ordered: "The sole purpose of the Administrator *ad Litem* is to serve as the nominal plaintiff to the personal injury and wrongful death action belonging to the estate and the heir-at-law. As such, the Administrator *ad Litem* is empowered to take all necessary steps to prosecute such action. However, no duty is imposed to marshal assets or otherwise administer the decedent's estate." *Id.* at 4 ¶ 3. The Probate Court further stated in a subsequent Order: "[Plaintiff] was appointed as Administrator *ad Litem* . . . to serve as the nominal plaintiff to a wrongful death action and to pursue claims in Mississippi belonging to the deceased's heirs-at-law." Shelby Cty., Tenn. Probate Ct.'s Order Determining & Declaring Heirs [116-2] at 1 ¶ 1.

Defendants argue that Plaintiff's appointment as administrator *ad litem* of Decedent's estate dictates that the case *sub judice* could only be brought in Tennessee chancery and circuit courts. However, the Tennessee Supreme Court has held that the meaning of the words in Tennessee Code § 30-1-109 "particular proceeding" are not limited to "one growing out of a case pending in the chancery court. We think the words have a broader meaning and include any

---

[3] Defendants argue that Decedent was actually a resident of Columbus, Mississippi at the time of his death. However, the record in this case supports that Decedent's residence at the time of his death was in Memphis, Tennessee. *See* Shelby Cty., Tenn. Probate Ct.'s Order Appointing Administrator *ad Litem* [97-9] at 2 ¶ 1 (finding Decedent was "a resident of Shelby County, Tennessee at the time of his death"); Lowndes Cty., Miss. Chancery Ct.'s Order Determining Heirs at Law [116-4] at 2 ¶ 1 (finding Decedent was "resident citizen of Memphis, Shelby County, Tennessee" at the time of his death). The record further supports that Decedent had resided in Columbus, Mississippi at some point prior to his death. *See* Indigency Aff. [97-3] at 3 (listing Decedent's address as Columbus, Mississippi as of November 13, 2014); Certified Ct. Recs.—Munic. Ct. [97-6] at 2–10 (listing Decedent's address as Columbus for arrests in 2011).

action necessary to protect the interest of the estate." *Casey v. Strange*, 246 S.W.2d 50, 51 (Tenn. 1952) (citing TENN. CODE ANN. § 30-1-109). Furthermore, practice in case law has borne out that a wrongful death case brought on behalf of an estate by an administrator *ad litem* is proper in a federal district court, as well. *See, e.g., Estate of Frerichs by Dunn v. Knox County*, No. 3:16-CV-693-TAV-CCS, 2017 WL 3160568, at *2 (E.D. Tenn. July 25, 2017) (plaintiff was appointed administrator *ad litem* of estate; only asset of estate was wrongful death action brought by plaintiff in her capacity of administrator of the estate); *Artrip v. Norfolk S. Ry. Co.*, No. 2:08-CV-200, 2009 WL 152482, at *1 (E.D. Tenn. Jan. 22, 2009) (plaintiff who was appointed administrator *ad litem* of grandson's estate filed wrongful death suit in state court that was later removed to federal court). *See also Northstar Anesthesia of Ala., LLC v. Noble*, No. 1141158, 2016 WL 3654755 (Ala. July 8, 2016). A wrongful death action brought by an administrator on behalf of an estate is proper in federal court pursuant to Rule 17(a)(1)(B) of the Federal Rules of Civil Procedure, which provides in pertinent part that "[c]apacity to sue . . . is determined <u>for an individual who is not acting in a representative capacity</u>, by the law of the individual's domicile . . . and <u>for all other parties, by the law of the state where the court is located</u> . . . ." FED. R. CIV. P. 17(b)(1), (3) (emphases added). Therefore, because Plaintiff, as administrator *ad litem*, is acting in a representative capacity, this Court looks to the law of Mississippi to determine his capacity to sue. *See Lee v. Lowdermilk*, No. 03-2403, 2004 WL 3316247, at *3 (W.D. Tenn. Oct. 26, 2004) (citing FED. R. CIV. P. 17(b)).

Under Mississippi law, Plaintiff, who was formally appointed administrator *ad litem* of Decedent's estate by the Probate Court of Shelby County, Tennessee for the purpose of pursuing this wrongful death action and other claims in Mississippi, is a "temporary administrator" and "personal representative" who is entitled to bring this suit under Mississippi's wrongful death

9

statute and survival statute. *See, e.g., In re Estate of Pearson*, 25 So. 3d 392, 393 (Miss. Ct. App. 2009) (administratrix *ad litem* brought wrongful death action). The appointment of an administrator *ad litem* does not require the filing of letters testamentary or letters of administration. *See Clark Sand Co.*, 60 So. 3d at 156. Plaintiff thus has statutory standing to bring this case, and because he was appointed administrator *ad litem* prior to the filing of this suit, Plaintiff had standing at the time he filed the complaint in this cause. *See Pluet*, 355 F.3d at 386. Therefore, Plaintiff has standing to bring the case *sub judice*, and Defendants' motion to dismiss is not well taken.

## *IV. Conclusion*

In sum, Defendant Canyon Boykin's motion to dismiss [97] joined in by the other Defendants [109, 111] is DENIED.

An order in accordance with this opinion shall issue this day.

THIS, the ___ day of September, 2017.

_____
SENIOR U.S. DISTRICT JUDGE