IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**PAUL N. ROYAL as Administrator** *ad Litem* **for the**
**Estate of RICKY JAVENTIA BALL, Deceased**                      **PLAINTIFF**

**V.**                                                **CIVIL ACTION NO.: 1:16-CV-176 – GHD-RP**

**CANYON BOYKIN, Individually and**
**in his Official Capacity as an Officer of the**
**Columbus Police Department;**
**TONY CARLETON, Individually and**
**in his Official Capacity as Chief of Police of**
**the Columbus Police Department;**
**CITY OF COLUMBUS, MISSISSIPPI**                                 **DEFENDANTS**

## ORDER

On June 22, 2018, Defendant City of Columbus filed a motion for entry of an addendum to the Agreed Protective Order Regarding Confidential Material (Docket 150) entered on November 3, 2017. Docket 259. A dispute arose during Yolanda Young's deposition which resulted in a teleconference with the undersigned Magistrate Judge, who resolved that Plaintiff would be permitted to inquire as to Ms. Young's personal health information that was provided to the City, and that the previously-entered Agreed Protective Order would be extended to protect the confidentiality of such information. The City and Plaintiff now disagree on the language of a proposed addendum so extending the Agreed Protective Order.

The City and Plaintiff agree to extend the Agreed Protective Order to deposition testimony, oral statements, and written forms, records, or documentation pertaining to protected health information; however, the City wishes to extend those protections to all "current or former officers and/or employees of the City of Columbus or Columbus Police Department" while Plaintiff seeks to limit the protections to only Yolanda Young. Docket 259, 260.

Although the City seeks to address the protected health information of all current or former city employees and police officers, the City has not called the Court's attention to any pending or contemplated discovery request or disclosure that would necessitate such a broad extension of the protective order. It appears the discovery at issue pertains only to certain health information of Yolanda Young. Therefore, the City's motion is DENIED, and the Court extends the Agreed Protective Order entered on November 3, 2017 as follows:

### ADDENDUM TO AGREED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIAL [ECF DOC #150]

(10) This Order shall also apply to any and all deposition testimony of Yolanda Young elicited during her deposition pertaining or relating to her protected health information. This Order shall also apply to any and all deposition testimony in this lawsuit pertaining or relating to Ms. Young's medical diagnoses and/or medical treatment.

(11) This Order shall also apply to any and all oral statements and any and all written forms, records, or documentation pertaining or relating to Family Medical Leave (FMLA) Requests or Certifications by Yolanda Young.

This the 25th day of June, 2018.

        */s/* Roy Percy
        UNITED STATES MAGISTRATE JUDGE