# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

PAUL N. ROYAL                                                                                           PLAINTIFF

V.                                                           CIVIL ACTION NO.: 1:16-CV-176-GHD-RP

CANYON BOYKIN, et al.                                                                           DEFENDANTS

## ORDER

      This matter is before the court on the Motion of Officer Canyon Boykin to Produce Certain Deposition Transcripts and Exhibits to the Attorney General's Office in His Pending Criminal Case. Docket 299. Boykin is under indictment and awaiting trial in state court on charges stemming from the shooting death that was the subject of the instant action. Boykin asserts he is obliged under the Mississippi Rules of Criminal Procedure to produce to the State any statements in his possession of witnesses he may call at the criminal trial. Boykin states he may call as witnesses at the criminal trial individuals who were deposed in this case, and in light of the various protective orders concerning confidential information disclosed during discovery in this case, Boykin seeks this Court's permission to provide to the State all depositions that were taken in this case with the exception of his own. The plaintiff Paul N. Royal has joined in Boykin's motion and requests further that he be permitted to provide to the State his counsel's file in this case (excluding privileged materials) in response to a subpoena from the Mississippi Attorney General's Office. Docket 300. The defendant City of Columbus opposes Boykin's and Royal's requests, arguing the proposed disclosures would disclose to unauthorized third parties confidential information that the City agreed to produce in discovery in this case in reliance on the Court's protective orders. Docket 302. The City urges strict compliance with the protective orders.

To the extent that Boykin and Royal request permission to disclose to the State information that is not covered by a protective order in this case, this Court's permission is not necessary and will be neither granted nor denied. To the extent that they request permission to make disclosures that are forbidden by a protective order in this case, the Court construes their requests as requests to modify the applicable protective order. As discussed below, the Court finds their requests for modification are not well taken and should be **DENIED**. However, the Court will order a slight modification as discussed with specificity below.

## Modification of a Protective Order

A court has discretion to modify a protective order it has entered so long as the order remains in effect. *Peoples v. Aldine Independent School District*, Civil Action No. 06-2818, 2008 WL 2571900, *2 (S.D. Tex. 2008) (citing *United Nuclear Corp. v. Cranford Ins.. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990)). The court retains this power even if the underlying suit has been dismissed. *Peoples*, 2008 WL 2571900 at *2. This flexibility permits a party to seek modification of a protective order. *Id.* A nonparty may also seek access to protected materials through intervention under Federal Rule of Civil Procedure 24. *Id.*

In determining whether to modify a protective order in the civil context, courts consider four factors: (1) the nature of the protective order; (2) the foreseeability, at the time of issuance of the order, of the modification requested; (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification. *United States v. Morales*, 807 F.3d 717, 723 (5th Cir. 2015) (citing *Peoples*, 2008 WL 2571900 at *2). The modification requests of Boykin and Royal are discussed in turn below.

### A. Boykin's modification request

Boykin requests a modification to allow his disclosure to the State in his criminal case all depositions, including exhibits thereto, that were taken in this case other than his own. The City argues such a disclosure would include confidential information covered by one or more protective orders, such as personnel files of current or former City employees that were attached as exhibits to those employees' depositions. This information would certainly appear to be specifically covered by the protective orders entered at Docket Entries 150 and 152. In his reply Boykin makes alternative requests that the Court allow disclosure of the depositions with exhibits that have been redacted by the City or that the Court allow disclosure of the depositions without the exhibits. Boykin makes no mention of redacting the deposition transcripts themselves, which presumably contain some discussion of the contents of the confidential documents attached as exhibits. The protective order entered at Docket 150 specifically discusses the handling of deposition transcripts and exhibits, so it was contemplated that those items would be subject to the protective order to the extent they contain protected information.

Turning to the four factors, the Court first considers the nature of the subject protective order. "When evaluating the nature of a protective order, courts consider 'its scope and whether it was court imposed or stipulated to by the parties.'" *Peoples,* 2008 WL 2571900 at *2 (quoting *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.,* 234 F.R.D. 175, 179 (N.D. Ill. 2006)). As to the scope of the protective orders in this case, both protective orders referenced above specifically apply to the City's employee personnel files. Also, Boykin agreed to both protective orders. "A party's prior consent to the protective order will weigh against its motion for modification." *Peoples,* 2008 WL 2571900 at *2 (quoting *Bayer AG and Miles, Inc. v. Barr Labs., Inc.,* 162 F.R.D. 456,

466 (S.D.N.Y. 1995)). The nature of the subject protective orders weighs against Boykin's modification request.

As to the factor of foreseeability, the question is "whether the need for modification of the order was foreseeable at the time the parties negotiated the original stipulated protective order." *Peoples,* 2008 WL 2571900 at *2 (quoting *Murata,* 234 F.R.D. at 180 (quoting *Bayer,* 162 F.R.D. at 466)). "[A] party's oversight in not negotiating a provision in a protective order considering a matter which should have been reasonably foreseeable at the time of the agreement has been held not to constitute good cause for relief from the protective order." *Peoples,* 2008 WL 2571900 at *2 (quoting *Murata,* 234 F.R.D. at 180 (quoting *Jochims v. Isuzu Motors Ltd.,* 145 F.R.D. 499, 502 (S.D. Iowa 1992))). Boykin was under indictment and awaiting trial in the criminal case at the time he agreed to the subject protective orders in this case. The foreseeability factor weighs against his modification request.

As to the factor of reliance, this factor focuses on "the extent to which a party resisting modification relied on the protective order in affording access to discovered materials." *Peoples,* 2008 WL 2571900 at *2 (quoting *Murata,* 234 F.R.D. at 180 (quoting *Bayer,* 162 F.R.D. at 467)). Courts have found it "presumptively unfair … to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Peoples,* 2008 WL 2571900 at *2 (quoting *AT&T Corp. v. Sprint Corp.,* 407 F.3d 560, 562 (2d Cir. 2005) (quoting *S.E.C. v. TheStreet.com,* 273 F.3d 222, 230 (2d Cir. 2001))). The City certainly relied on the subject protective orders in giving Boykin access to its employee personnel files. This factor weighs against Boykin's modification request.

As to whether good cause exists for the modification, this requires "changed circumstances or new situations" warranting modification. *Peoples,* 2008 WL 2571900 at *3

(quoting *Murata,* 234 F.R.D. at 180). In determining whether the moving party has established good cause, "the court must weigh that party's need for modification against the other party's need for protection, and ought to factor in the availability of alternatives to better achieve both sides' goals." *Peoples,* 2008 WL 2571900 at *3 (quoting *Murata,* 234 F.R.D. at 180). The City's need to safeguard the confidentiality of its employee personnel files – particularly those of its law enforcement personnel – is self-evident. After all, they are statutorily exempt from public records requests for a reason. As to Boykin's need for modification, he states that he may call to testify at his criminal trial one or more of the witnesses who were deposed in this case, and that he is procedurally required to provide the State a copy of any statements of his prospective witnesses that are in his possession. As discussed above with respect to foreseeability, this is not a "changed circumstance" or "new situation" for Boykin.

Presumably, if Boykin provides the State with deposition transcripts that have been redacted of protected documents and of testimony discussing protected information, he will be unable to elicit testimony at his criminal trial from his respective witnesses regarding that information. Boykin has not articulated any particular need to offer such testimony at his criminal trial. If there is such a need, he has available the alternative course, under Mississippi Rule of Criminal Procedure 33, of serving a subpoena on the City for production of the information for use at his criminal trial, any dispute over which subpoena would be decided by the presiding state court, which would be in a better position than this Court is to weigh Boykin's need to use the information against the City's need to protect it.

Based on the above analysis, Boykin's request to modify the protective order will be denied. That being said, the Court believes it is not unreasonable under the circumstances to place the burden on the City to advise Boykin (and Royal) of the specific information in the

subject deposition transcripts – by attached exhibit number as well as page and line numbers for specific testimony – that the City considers to be confidential and wishes to protect from disclosure under one or more protective orders in this case, so that Boykin may provide redacted transcripts to the State if he wishes.  The City is encouraged to be judicious in its identified redactions.  As to any deposition testimony or exhibits not so identified by the City within fourteen days after the date of this Order, Boykin's disclosure of that information to the State in connection with his criminal case will not be considered by this Court to be a violation of a protective order, and in this respect the applicable protective orders are so modified.  However, this modification does not apply to the protective order entered at Docket 262 pertaining to personal health information of Yolanda Young, which will remain covered by the protective order as entered unless and until she consents in writing to such a modification.

## B. Royal's modification request

Royal requests a modification to allow him to produce his counsel's case file, with the exception of privileged materials, in response to a subpoena from the Mississippi Attorney General's Office.  In reply to the City's opposition, Royal appears to change his request for modification to one that would allow him to produce only the depositions and exhibits.  Docket 304.  In either case, using the four-factor analysis the court finds Royal's modification request should be denied.

Considering the nature of the protective orders, there is no doubt they apply to information contained within counsel's entire case, and Royal's request to produce the file essentially requests a wholesale modification of all the protective orders in this case.  As to the deposition transcripts and exhibits only, the protective orders specifically apply to the City's employee personnel files that were discussed and attached as exhibits to the depositions.  Royal

agreed to the protective orders just as Boykin did. The nature of the protective orders weighs against Royal's modification request.

As to foreseeability, presumably the subject subpoena was not served on Royal's counsel until after the protective orders were entered. However, Royal and his counsel were well aware of the criminal prosecution of Boykin for the very conduct that was the basis of Royal's claims in this case, and it was far from inconceivable that the criminal prosecutor might be interested in what Royal learned during discovery in this case. The Court finds the foreseeability factor to be neutral under the circumstances.

As to reliance, as discussed above the City relied on the subject protective orders in giving Royal access to its confidential information, and this factor weighs against Royal's modification request.

As to good cause, there is no indication that Royal has made any effort to formally oppose the subject subpoena to the extent it seeks protected information provided to Royal by the City. Further, to the extent the State needs access to that information, the State has available the alternative course of subpoenaing that information from the City, any dispute over which subpoena would be decided by the appropriate state court, which would be in a better position to weigh the State's prosecutorial need for that information against the City's need to protect it.

Based on the above analysis, Royal's modification request will be denied. However, the modification ordered above with respect to Boykin's disclosure of deposition testimony and exhibits in connection with his criminal case will apply as well to any disclosure by Royal of deposition testimony and exhibits in response to the subject subpoena.

**SO ORDERED**, this the 14th day of December, 2018.

 /s/ Roy Percy  
UNITED STATES MAGISTRATE JUDGE